CELIA LIFSHUTZ, Suing on Behalf of COMMUNITY WATER SERVICE COMPANY, for Herself and for the Benefit of All Other Stockholders Similarly Situated Who May Come in and Contribute to the Cost of This Action, Respondent, *v.* JOHN C. ADAMS, GEORGE W. BIGGS, JR., GILBERT W. CHAPMAN, MILTON B. ROGERS, PHILLIP L. ROSS, LORENZO SEMPLE, JR., W. HARRY STROMENGER and EARL S. THOMPSON, Appellants, and PAUL W. CHAPMAN, BIRGER L. JOHNSON, ROBERT EMERSON SWART, WADSWORTH SECURITIES CORPORATION, 100 WILLIAM STREET CORPORATION, COMMUNITY WATER SERVICE COMPANY and Others, Defendants.

First Department, June 19, 1940.

*Inzer B. Wyatt* of counsel [*Sullivan & Cromwell*, attorneys], for the appellants.

*Louis Boehm* of counsel [*Bernard D. Fischman* with him on the brief; *Louis Boehm*, attorney], for the respondent.

GLENNON, J. This is a stockholder's derivative action. We have adopted the following *resumé* of the allegations contained in the amended complaint in order to set forth what the respondent asserts are the essential facts upon which she has predicated her claim for an accounting and damage against the defendants.

In September, 1929, after plaintiff had acquired her preferred stock, Community Water Service Company sold to the public 200,000 shares of its common stock at fifteen dollars a share. The defendant Wadsworth Securities Corporation (whose name at that time was P. W. Chapman & Co., Inc., and which is hereinafter referred to as the "Chapman Company") was the underwriter on the said sale. The defendant Paul W. Chapman was chairman of the board of directors of Community and by reason of his stock ownership therein controlled the business and affairs thereof. The defendants Chapman, Johnson and Swart were officers and directors of both Community and the Chapman Company and owned a substantial part of the issued and outstanding capital stock of the Chapman Company. Instead of turning over the proceeds of the sale of the stock to Community, Chapman Company retained $587,333.82 of the proceeds in a so-called "fiscal agency account." In addition, Community loaned $647,049.60 to the Chapman Company on its promissory note. The amended complaint alleges that the "maintenance of this fiscal agency account and the retention of the funds therein, and the loan to Chapman Company were not made in furtherance of the business of Community" but "were done for the selfish ends and purposes of the directors, were wasteful, reckless and without regard to any security." The aggregate indebtedness of the Chapman Company to Community on February 7, 1931, was $1,234,383.42.

Pursuant to the conspiracy Community was defrauded of the $1,234,383.42, in the following manner: The Chapman Company owned all the outstanding stock of the 100 William Street Corporation. Chapman and Johnson were officers of that corporation. The corporation owned the building situated at 100 William street, Manhattan. The amended complaint alleges that for the purpose of fraudulently canceling the indebtedness of the Chapman Company to Community, the defendants, in February, 1931, caused Community to contract with 100 William Street Corporation for the purchase by Community of its building. The purchase price

was fixed at $3,972,383.42, although the premises were assessed at that time by the city of New York for tax purposes at $2,775,000, and were worth not more than $2,738,000. When the contract was made there were mortgages outstanding in the sum of $2,738,000. There was, therefore, no equity in the property.

The contract for the purchase of premises 100 William street was assigned by Community to its wholly-owned subsidiary Woodbridge Building Corporation. Community delivered its demand promissory note for $1,234,383.42 in payment of the purchase price. Title to the premises was taken in the name of Woodbridge Building Corporation. Woodbridge, in turn, delivered its note for $1,234,383.42 to Community. Chapman Company then fraudulently satisfied its indebtedness of $1,234,383.42 to Community by turning back to Community the note for $1,234,383.42 which Community had previously given in payment of a non-existent equity in the building. The net result of the transaction was that the indebtedness of the Chapman Company to Community in the sum of $1,234,383.42 was wiped out and Community received in its place the worthless note of its wholly-owned subsidiary, Woodbridge Building Corporation, which had no assets other than its equity in the building, 100 William street. The note was subsequently written down to one dollar.

It is asserted that the true facts concerning the transaction were concealed from the stockholders, and that the defendants made false and misleading statements to the stockholders concerning the same. The defendants Adams, Biggs, Gilbert W. Chapman, Rogers, Ross, Semple, Stromenger and Thompson are each alleged in the amended complaint to have been parties to and to have ratified the "conspiracy (1) to defraud Community of the sum of $1,234,383.42, due and owing to it from Chapman Company; and (2) to conceal from and misrepresent to the stockholders the manner and means by which Community was defrauded of the said $1,234,383.42." It is alleged that each of the appellants participated in the concealment of, acquiesced in, and ratified, the fraud. In addition to having been defrauded of the said indebtedness of $1,234,383.42, Community suffered losses of upwards of $25,000 per annum, arising out of the operation of the building by appellants.

It is alleged further: "That each of the defendants was aware of the fraud practiced on Community and that the building was being operated at a loss. That despite such fact, they not only failed to rescind or take any steps to rescind the transaction, but ratified the fraud and continued to permit Community to operate said building and to suffer the aforesaid losses."

Some of the directors who were in office in February, 1931, when it is contended that the original fraud was committed, remained on the board of directors until 1937. Further, all of the directors, including the appellants who subsequently came on the board, were well aware of the fraud that had been committed and joined in the conspiracy by concealing the facts, ratifying the fraud and failing to take action to rescind the transaction.

Additional details are given which we do not deem it necessary to recount since we believe enough has been shown from the allegations to indicate the theory upon which plaintiff has outlined her claims.

The first cause of action is directed against all of the appellants and is based upon an alleged conspiracy to defraud and conceal the acts of those who were directors of Community in 1931. None of the appellants was in any way connected with Community in February of that year. Thus it will be seen that in so far as they are concerned, their connection with the charge is, in effect, that they " concealed the facts of, acquiesced in, and ratified the fraud," and that when they became directors of Community, they did not make known to the stockholders the details of the 1931 transaction.

The second cause of action was instituted against those directors who became members of the board subsequent to February, 1931, and is based upon their failure to rescind the transaction or to sue their predecessors.

The original complaint was served May 23, 1938. It was dismissed at Special Term for failure to state a cause of action. The amended complaint was served March 31, 1939.

Conceding for the purposes of this appeal that all of the allegations set forth in the first cause of action are true, we are inclined to the view that sufficient facts are set forth to sustain it. If, as directors with full knowledge of the so-called fraud, they concealed and ratified it, they can be held accountable. Their failure to use the care and diligence which ordinarily prudent men would have felt constrained to exercise under the circumstances may be the basis of liability. Of course, plaintiff may not be in a position to supply the proof which is essential in an action of this type, but that is beside the point on this motion.

The second cause of action, as we have seen, is based upon the failure of appellants to rescind the 1931 transaction and upon their failure to prosecute an action against certain named defendants. The appellants Ross, Semple and Gilbert W. Chapman were elected to the board of directors in December, 1937, more than six years after the alleged cause of action arose against those who were members of the board in December, 1931. These three appellants

have pleaded the six-year Statute of Limitations. We believe that this statute is a complete bar and, consequently, the second cause of action must be dismissed as to them.

The order should be modified accordingly, and as so modified affirmed, without costs.

UNTERMYER and COHN, JJ., concur; MARTIN, P. J., and DORE, J., dissent in part.

DORE, J. (dissenting in part). Appellants are not charged with having anything to do with the original transaction constituting the alleged conspiracy which occurred in 1931 as appellants did not become directors until after that date, most of them in 1936 and 1937. Appellants Ross, Semple and Gilbert W. Chapman may not be held for failure to prosecute a claim that was barred by the Statute of Limitations before they became directors and accordingly We agree that the second cause of action should have been dismissed as to them.

It appears that the complaint has been dismissed as against the only 1931 directors who have appeared in the action, but plaintiff states she is appealing.

The general allegations in the first cause of action that the defendants entered upon and became parties to and ratified a conspiracy that had taken place before they became members of the board of directors are, standing alone and unsupported by any facts, insufficient as mere general statements of alleged wrongdoing. (*Price* v. *Groves*, 258 App. Div. 35; *Laue* v. *Bethlehem Steel Corp.*, 243 id. 57.) The first cause of action was originally dismissed for failure to allege damage to the corporation. In so far as this cause of action alleges any facts as distinguished from general conclusions, it is still insufficient because it fails to show damage to the corporation from anything the appellants did or failed to do. This defect in the original complaint has not been cured by the addition of paragraph 53 as paragraph 53 is part of the second cause of action only.

In so far as the majority opinion fails to dismiss the first cause of action against all the appellants we dissent and vote that the order appealed from should be reversed and the motion granted; we concur in the conclusion that the second cause of action should be dismissed as against appellants Ross, Semple and Gilbert W. Chapman.

MARTIN, P. J., concurs.

Order modified in accordance with opinion, and as so modified affirmed, without costs. Settle order on notice.